GAIL SHIFMAN
Attorney at Law
44 Montgomery Street
Suite 3850
San Francisco CA 94104
Telephone: (415) 551-1500
Facsimile: (415) 551-1502

Attorney for Defendant
SAN SAEPHAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

- - oo - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 08-0246 CW |
| Plaintiff, | ) DEFENDANT SAEPHAN'S SENTENCING |
| | ) MEMORANDUM |
| v. | ) |
| SAN SAEPHAN, | ) |
| Defendant. | ) |

Defendant has no objection to the calculation of the sentencing guidelines set forth in the Amended Presentence Report (PSR) finding that after adding 84 consecutive months for the § 924(c) conviction, defendant agrees that the applicable advisory guideline range is 168 - 189 months.[1] In the plea agreement pursuant to Rule 11(c)(1)(C) the government and defendant agreed to a sentencing range of 144 months - 204 months of custody. Defendant urges the Court to impose a

---

[1] Under USSG 4A1.1(e), the Sentencing Commission passed an amendment which would determine that defendant Saephan's criminal history category is lowered to category III, resulting in an applicable guideline range of 154-171 months. See, PSR, paragraphs 73 and 118

total sentence of no more than 144 months.

Additionally, defendant asks the Court to make an adjustment from that sentence under guideline section U.S.S.G. § 5G1.3(b)[2] from the total sentence imposed upon defendant for the time he has served in custody beginning February 7, 2008 (PSR, page 1 and paragraph 69) for the instant offense.  Failure to adjust the sentence for the time that he has served in state custody for the instant offense, is prejudicial and results in a total sentence

Defendant was brought into federal custody on September 18, 2008 on a federal writ while serving an undischarged 3 year state sentence for the instant offense.  This time will not be credited by

---

[2]

§5G1.3. Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

1.(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

**DEFENDANT SAEPHAN'S SENTENCING MEMORANDUM**                                                 2

the Bureau of Prisons (BOP) unless the Court specifically adjusts defendant's sentence and reduces the overall sentence crediting the 30 months (and 18 days) (since February 7, 2008) that he has already served on the instant offense. This is not a downward departure; it is an adjustment. As stated in application note, 2 indicates,

> If subsection (b) applies, and the court adjusts the sentence for a period of time already served, the court should note on the Judgement in a Criminal Case Order (I) the applicable subsection (_e.g._, for a period of imprisonment that will not be credited by the Bureau of Prisons.

Under this section of the Guidelines, the Court would also impose the sentence concurrent to the undischarged term of imprisonment, the remainder of the defendant's sentence. Thus, the sentence would run concurrent to the remaining undischarged term of 6 months in Case no. 157828B.

    Thus, the Court sentences the defendant to a total term of imprisonment (whether 144, 168, 189 months) but adjusts that sentence by the term already served reflecting the total sentence and the adjustment on the Judgement and Committment Order along with the date by which the sentence is to run concurrent. At the conclusion of this Memorandum, is a Table of Proposed Sentences.

    Alternatively, Defendant asks the Court to adjust the sentence imposed pursuant to U.S.S.G. § 5G1.3(c).

> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

    Under this section of § 5G1.3, the Court can impose the sentence concurrently to avoid unwarranted disparity and to achieve

**DEFENDANT SAEPHAN'S SENTENCING MEMORANDUM**     3

incremental punishment under 18 U.S.C. § 3553(a)).  The Court would then provide the date that the instant sentence shall commence in the Judgment and Commitment Order.  Unless the Court imposes a sentence with an adjustment for the time previously served on the instant offense and concurrent to that sentence, Defendant will serve a double sentence for the instant offense, something the other defendants have not and will not face.

The Court, in imposing a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public and to provide defendant with needed educational or vocational training, medical care or other correctional treatment must make an individualized determination of the facts and the defendant before the Court. 18 U.S.C. § 3553(a).

Just as failing to adjust defendant's sentence fails to take into account the factors of § 3553(a), so too, does imposing a sentence higher than the applicable guideline range as the government is asking the Court to impose.  Thus far, the Court has not imposed a sentence on any of the defendants in this case or in related cases higher than the applicable guideline range. To do so against defendant Saephan makes little legal sense and would result in disparity among defendants.

As reflected in the PSR, defendant Saephan is a severe methamphetamine addict.  His addiction is long standing, beginning at the age of 12.  There is no doubt that Mr. Saephan acted while under the grip of the addiction.  This does not excuse his crimes nor does it shift blame to anyone other than Mr. Saephan himself.

**DEFENDANT SAEPHAN'S SENTENCING MEMORANDUM** 4

He accepts full responsibility for his actions and he is deeply remorseful. Much is said of the fact that Mr. Saephan has a criminal history. In spite of court intervention, Mr. Saephan has not been provided with drug treatment that he needed even though he has been under the control of a severe drug addiction. While we might want him to be able to kick the habit on his own, without intensive, long term treatment and counseling for the addiction, as the Court is painfully aware, long term, hard-core addicts are not able to manage, control and abstain from drugs without intensive intervention.

Defendant isn't suggesting that a severe punishment not be imposed. Indeed, he pled guilty understanding that he was agreeing that it was appropriate for the Court to impose a severe sentence. Instead, he asks the Court to impose a sentence that both punishes and allows for the type of ultimate rehabilitation that would best serve both the community and him.

As a result of the government's charging decision here, the Court is required to add a term of 7 years to the sentences it imposes upon Mr. Saephan for the other offenses. *See* 18 U.S.C. § 924(c)(1)(D)(ii)(nno term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.).

But it remains for the Court still to decide what the appropriate sentences are for the other, non-mandatory minimum offenses. And the law permits the court to consider the impact of

**DEFENDANT SAEPHAN'S SENTENCING MEMORANDUM** 5

this 7-year mandatory consecutive term in determining the appropriate sentences to be imposed for the other offenses – and, indeed, to consider this mandatory consecutive time in determining the overall reasonableness and appropriateness of the total combined sentence under 18 U.S.C. § 3553. *See*, *e.g.*, *United States v. Vidal-Reyes*, 562 F.3d 43, 48 (1st Cir. 2009) (holding that a district court had authority to take mandatory consecutive two-year sentence under the aggravated identity theft statute into account when it sentenced the defendant for non-predicate crimes charged in the same indictment); *United States v. Webster*, 54 F.3d. 1, 4 (1st Cir. 1995)(holding that a district court was free to consider the mandatory 5-year consecutive sentence under § 924© when deciding on the total sentence to be imposed for a drug trafficking offense).

As the First Circuit observed in *Vidal-Reyes*, a mandatory consecutive sentence implicates a number of the factors required to be balanced under § 3553, and thus:

> in departing from a guideline sentence the district court is free to exercise its own judgment as to the pertinence, if any, of a related mandatory consecutive sentence. Should the district court think that the latter has some role along with other factors in fixing the extent of a guideline departure in a particular case, then that is within its authority . . . .

*Vidal-Reyes*, 562 F.3d at 48 (quoting *United States v. Webster*, 54 F.3d. 1, 4 (1st Cir. 1995); *Vidal-Reyes, 562 F.3d* at 49 n.4 (nMost obviously, the total amount of time a defendant will spend incarcerated due to the effect of a mandatory consecutive sentence inherently implicates the goal of incapacitation . . . . ..); *cf*. *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007) (a mandatory consecutive sentence under § 924© may not, however, be

DEFENDANT SAEPHAN'S SENTENCING MEMORANDUM                             6

taken into account to reduce a sentence for the *predicate* offense during which the firearm was used).

It is important to acknowledge that Mr. Saephan had a fake gun. This places him in a different position than the other defendants that have come before the Court in this case. It doesn't diminish his responsibility for his crimes and he acknowledges that the others' use of guns is attributable to him and could have resulted in tragedy. It does, however, indicate a different mind set internally than the others and is appropriate for the Court to consider in determining the sentence for the counts not controlled by the mandatory minimum. It is important to note that without the 7 year consecutive mandatory minimum for the 924(c)defendant's guideline range would be 84-105 months. Even with this as a backdrop, a sentence of 144 months is still severe.

There is no question that defendant committed serious offenses during the brief conspiracy at issue. A sentence of 144 months is severe and substantially more than Mr. Saephan would receive for the underlying criminal conduct. Defendant urges the Court to impose this sentence (less the adjustment and concurrent to case number 157828B) to be reflected on the Judgement and Commitment Order) and it reflects a substantial debt paid to society and is a sentence that is "sufficient, but not greater than necessary" to punish and deter him.

DEFENDANT SAEPHAN'S SENTENCING MEMORANDUM                                    7

```
Dated: August 25, 2010          Respectfully submitted,
                                          /s/
                                _____
                                GAIL SHIFMAN
                                Attorney for Defendant
                                SAN SAEPHAN
```

TABLE

PSR Recommendation                                    189 months total

    Counts 1, 4, 6 grouped: 105 months (high end guidelines)
    Count 7 924©: 84 months consecutive

USSG 5G1.3 30 month adjustment for state sentence imposed for offense for the Judgment & Commitment to reflect 159 months total and concurrent to Alameda County Superior Court Case number 157828B

Defense Recommendation                                144 months total

    Counts 1,4, 6 grouped: 60 months (3553(a) factors)
    Count 7 924©: 84 months consecutive

USSG 5G1.3 30 month adjustment for state sentence imposed for offense for the Judgment & Commitment to reflect 114 months total and concurrent to Alameda County Superior Court Case number 157828B

Guideline Sentence                                    168 months total

    Counts 1,4, 6 grouped: 84 months (low end guidelines)
    Count 7 924©: 84 months consecutive

USSG 5G1.3 30 month adjustment for state sentence imposed for offense for the Judgment & Commitment to reflect 138 months total and concurrent to Alameda County Superior Court Case number 157828B